### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN W. HOLLAWELL, BARBARA A. HOLLAWELL | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO.   25-4786 |
| | : | |
| TARGET CARD SERVICES | : | |

## MEMORANDUM

**MURPHY, J.**                                                                    **July 10, 2026**

John and Barbara Hollawell both allege that they had credit card accounts with Target, and that Target inaccurately reported late payments on their accounts that led to their credit scores dropping.  Following motions to dismiss, the Hollawells have amended their complaint three times.  Target again moves to dismiss the Hollawells' sole claim under the Fair Credit Reporting Act as untimely.  We agree, and grant the motion to dismiss the third amended complaint.  And because the Hollawells' repeated attempts to state a plausible claim have shown amendment to be futile, we dismiss the complaint with prejudice.

### I.      Factual Background

In 2015, plaintiff John Hollawell opened a Target credit card account.  DI 24 at ¶ 6.  Over the lifetime of his account, Mr. Hollawell paid all his bills on time.  *Id.* at ¶ 7.  But in June 2022, Target inaccurately informed Mr. Hollawell that he failed to pay one of his monthly minimum balances.  *Id.* at ¶ 9.  Despite attempts by Mr. Hollawell to contact Target to clarify the situation and pay any outstanding balances, Target reported to credit reporting agencies that Mr. Hollawell failed to pay his bills on time in August 2021 and June 2022, bringing his credit score from 850 down to 711, and his account was closed shortly after.  *Id.* at ¶¶ 10-11.

Plaintiff Barabara Hollawell, Mr. Hollawell's wife, maintained her own Target credit

card.  *Id.* at ¶ 12.  In May 2024, Mrs. Hollawell switched banks, and made a payment of $1,250.00 on her credit card account.  *Id.* at ¶ 13.  Soon after, she received a phone call from Target inaccurately informing her that she was late in making a payment on her account.  *Id.* at ¶ 14.  Mrs. Hollawell then made another payment for $750.00.  *Id.* at ¶ 15.  Target incorrectly posted both of those payments to Mr. Hollawell's account, which had then been closed for nearly two years.  *Id.* at ¶ 16.  Mrs. Hollawell contacted Target, who informed her that Target had made a mistake and would move the $1,250.00 to her account.  *Id*. at ¶ 17.  Despite its mistake, Target told Mrs. Hollawell that she was still late on her payments to her account.  *Id.*  Target inaccurately reported these payments as untimely, resulting in a reduction in Mrs. Hollawell's credit score.  *Id.* at ¶ 19.

On September 13, 2022, Mrs. Hollawell filed a dispute with Experian, a credit reporting agency, alleging that Target mishandled her and her husband's accounts and inaccurately reported missed payments resulting in reduction of their credit scores.  *Id.* at ¶ 21.  Target was allegedly made aware of the Hollawells' dispute but failed to adequately investigate, address, or resolve it.  *Id.* at ¶ 22.

## II.    **The motion to dismiss**

On August 20, 2025, the Hollawells filed suit against Target, alleging violations of the Fair Debt Collections Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).  DI 1.  The Hollawells filed a first amended complaint a day later, on August 21, 2025.  DI 5.  Target moved to dismiss the first amended complaint, arguing that the Hollawells' FDCPA claim was time-barred, and at any rate, that they had failed to state either of their claims.  DI 11.  The Hollawells amended again, this time omitting the FDCPA claim and proceeding only on the

2

FCRA claim.  DI 13.  Undeterred, Target moved to dismiss the second amended complaint, arguing that no duties were triggered under the FCRA because the Hollawells did not file a dispute with a credit reporting agency, and the complaint relied on conclusory allegations.  DI 15-1.

The Hollawells have now filed a third amended complaint.  DI 24.  In this rendition they proceed on the FCRA claim, adding allegations detailing the dispute they filed with Experian 2022.  DI 24 at ¶ 21.  Target again seeks dismissal, this time arguing that the Hollawells' FCRA claim is time-barred and relies on conclusory allegations of wrongdoing.  DI 26.  Because we agree that the Hollawells' FCRA claim is time-barred, we will grant the motion to dismiss.

### III.   Standard of review

"To survive a Rule 12(b)(6) motion, a complaint must set forth enough factual allegations to 'state a claim to relief that is plausible on its face.'"  *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  We must accept a plaintiff's factual allegations as true and view the facts in the light most favorable to them.  *Id.*  But a "[f]ormulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the statute of limitations is generally an affirmative defense, a complaint may be dismissed where the face of the complaint makes plain that the claims are time-barred.  *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

### IV.   Discussion

Under the FCRA, a plaintiff may bring a claim: (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis of such liability, or (2) 5 years after the date on

which the violation that is the basis for such liability occurs, whichever occurs earlier.  15 U.S.C. § 1681p.  Created with intention of "protect[ing] consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner," the FCRA creates a private cause of action against a "furnisher" of information — in this case Target.  *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (citation modified).  But the statute is "not without limitations."  FCRA does not provide a private cause of action for a furnisher's report of inaccurate information, only the failure to conduct a reasonable investigation into the inaccurate report following notification by a credit reporting agency.  *Seamans v. Temple Univ.*, 744 F. 3d 853, 864-65 (3d Cir. 2014); *SimmsParris*, 652 F.3d at 358 ("notice under [FRCA] must be given by a credit reporting agency, and cannot come directly from the consumer.").

Here, the Hollawells allege that on September 13, 2022, Ms. Hollawell filed a dispute with Experian — a credit reporting agency — alleging that Target inaccurately reported missed payments that resulted in reduction of their credit scores; Experian allegedly told Target about the dispute.  DI 24 at ¶¶ 21-22.  The Hollawells do not allege when Target was purportedly informed by Experian of the inaccurately reported information such that its duty to investigate under FCRA would be triggered.  Instead, they say that they do not know when Target purportedly failed to conduct a reasonable investigation, and therefore should not be held to the two-year statute of limitations.[1]  DI 28-1 at 5.  We disagree.  As Target explains, crediting the

---

[1] The Hollawells do not cite, nor are we aware of, any authority declining to apply the five-year statute of limitations for a FCRA claim based on the plaintiff's alleged ignorance of when the defendant conducted, or failed to conduct, an investigation.  A reasonably diligent pre-complaint investigation would have revealed when, if at all, Experian notified Target.

Hollawells' claimed ignorance of when it purportedly failed to conduct a reasonable investigation would render the two-year statute of limitations so easily avoided as to be meaningless.[2]  DI 29 at 2-3.  The Hollawells' FCRA claim is untimely.

### V.       Conclusion

The Hollawells have filed three amended complaints and have thus had four opportunities to adequately allege their FCRA claim, which they have not done, and given the grounds of dismissal, apparently cannot do.  Amendment would therefore be futile, so we dismiss the third amended complaint with prejudice, and this case may be closed.

---

[2] Regarding the allegations regarding Target's alleged inaccurate report in 2024: (1) the Third Circuit has not, like other circuits, held that each separate report of inaccurate information to a credit reporting agency restarts the statute of limitations; (2) the allegedly inaccurate 2024 reports are separated from the original violation nearly 2 years — that temporal isolation renders it an independent event for which Target should have been given separate notice by a credit reporting agency in order to trigger its duty; and (3) the complaint does not allege that the Hollawells disputed this allegedly inaccurate report with a credit reporting agency such that the agency could have notified Target.